**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela C Vernon, | No. CV-24-03215-PHX-KML (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pursuant to a stipulation between the parties, the court remanded this case to the Social Security Administration for further proceedings. (Doc. 15.) Shortly after that order, the court approved a stipulation between the parties that awarded plaintiff's counsel $4,000 in attorneys' fees under the Equal Access to Justice Act. (Doc. 18.) On remand, plaintiff obtained a favorable decision. (Doc. 19-2.) Plaintiff's counsel now seeks an award of $27,455.50 in attorneys' fees for representing plaintiff on a contingency basis. That amount is 25% of the past-due benefits. (Doc. 19-1 at 2.) According to counsel's billing records, she performed 16.91 hours of work, meaning the award sought represents an hourly fee of $1,623.63 (Doc. 26-3 at 2-3.)

The relevant statute allows the court to award counsel "a reasonable fee for [her] representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b). When an attorney files a request for fees under § 406(b), the court must "look[] first to the contingent-fee agreement, then test[] it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (simplified). There is no "definitive list of factors that

should be considered in determining whether a fee is reasonable or how those factors should be weighed." *Id.* at 1151. But the court's reasonableness inquiry may look to "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.*

Here, the agreement allows counsel to recover 25% of past-due benefits. (Doc. 19-3.) There is "no evidence of fraud or overreaching in the making of the 25% contingent-fee agreement[]," so the 25% permitted by the agreement is an appropriate starting point. *Id.* The only remaining issue is whether the amount the agreement contemplates is reasonable. There is no evidence of poor performance or delay by counsel, which support awarding the full amount requested. Counsel's effective hourly rate of $1,623.63 is on the high end of rates courts have awarded. *See Bogner v. Bisignano*, No. CV-22-01908-PHX-DMF, 2026 WL 914745, at *2 (D. Ariz. Apr. 3, 2026) (citing cases awarding effective hourly rates of $1,200 to more than $2,000). But "[c]ourts are loathe to penalize experienced counsel for efficient representation," and the award does not constitute a prohibited "windfall" to counsel. *Patrick S. v. Dudek*, No. 3:23-CV-00480-AHG, 2025 WL 642012, at *3 (S.D. Cal. Feb. 26, 2025) (simplified).

**IT IS ORDERED** the Motion for Attorneys' Fees under 42 U.S.C. § 406(b) (Doc. 5) is **GRANTED**. Plaintiff's counsel Emily Tedone is awarded an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $27,455.50, which may be paid from plaintiff's past-due benefits in accordance with agency policy.

**IT IS FURTHER ORDERED** plaintiff's counsel shall, after receipt of the above-awarded fee, refund to plaintiff all fees awarded under the Equal Access to Justice Act.

Dated this 3rd day of June, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 2 -